**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

DONNA M. HENDERSON              §
                                §
V.                              §          CASE NO. 4:10cv222
                                §
COMMISSIONER OF SOCIAL          §
SECURITY ADMINISTRATION         §

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision

of the Commissioner denying her claim for Supplemental Security Income ("SSI").  After carefully

reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative

record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

**HISTORY OF THE CASE AND FIRST
ADMINISTRATIVE LAW JUDGE'S FINDINGS**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits

under Title XVI of the Social Security Act on July 22, 2002, claiming entitlement to disability

benefits due to various mental/emotional disorders, vertebrogenic disorders, and coronary problems.

Plaintiff's application was denied initially and on reconsideration.  Pursuant to Plaintiff's request,

hearings were held before an Administrative Law Judge (ALJ) in Dallas, Texas on May 11, 2004,

August 14, 2004, and April 11, 2005.  Plaintiff was represented by counsel at the proceeding.  At the

latest hearing, Plaintiff, the ALJ's medical expert, David Sowell, M.D., and the ALJ's vocational

expert, Tammie Donaldson, testified.

1

On June 9, 2005, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled."  After

considering the record, the ALJ made the prescribed sequential evaluation.  The ALJ made the

following findings:

1. The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act, and is insured for benefits through June 30, 2002.

2. The claimant did not engaged in substantial gainful activity on or before June 30, 2002.

3. The claimant's degenerative disc disease is considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(c).

4. The medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P. Regulation No. 4 on or before June 30, 2002.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision on or before June 30, 2002.

6. During the relative period the claimant had the residual functional capacity to perform a reduced range of light work.  She could lift objects weighing up to twenty pounds on an occasional basis and ten pounds frequently. The claimant could sit for six hours, and stand and walk combined for six hours in an eight-hour day.  She was precluded from climbing and could occasionally stoop, kneel, crouch, and crawl.  The claimant had mild restrictions in activities of daily living and in maintaining concentration, persistence or pace, and a moderate restriction in maintaining social functioning.  She evidenced no episodes of decompensation of an extended duration.

7. The claimant was unable to perform any of her past relevant work on or before June 30, 2002 (20 C.F.R. § 404.1565).

8. The claimant was a younger individual on October 10, 1997 (20 C.F.R. § 404.1563).

9. The claimant has "more than a high school (or high school equivalent) education" (20 C.F.R. § 404.1564).

10.    The claimant retained no transferable skills acquired from skilled work previously performed during the relative period (20 C.F.R. § 404.1568).

11.    The claimant had the residual functional capacity to perform a significant range of light work on or before June 30, 2002 (20 C.F.R. § 404.1567).

12.    Although the claimant's exertional limitations did not allow her to perform the full range of light work, using Medical-Vocational Rules 202.21 and 202.14 as a framework for decision-making, there were a significant number of jobs in the national economy that she could have performed. Examples of such jobs include work as office helper at 10,000 and 160,000 jobs; information clerk at 5,000 and 70,000 jobs; and mail room clerk at 4,700 and 78,000 jobs, all existing in the state of Texas and the national economy, respectively.

13.    The claimant was not under a "disability," as defined in the Social Security Act, at any time on or before June 30, 2002 (20 C.F.R. § 404.1520(g)).

(TR 67-68)

## HISTORY OF THE CASE AND SECOND
## ADMINISTRATIVE LAW JUDGE'S FINDINGS

Plaintiff requested Appeals Council review of the ALJ's June 9, 2005 decision, which the Appeals Council granted on July 6, 2006. The Appeals Council vacated the June 9, 2005 ALJ decision and remanded the case. A hearing was held before an Administrative Law Judge in Dallas, Texas on November 13, 2007. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff, the ALJ's medical expert, Susan K. Blue, M.D., and the ALJ's vocational expert, Tammie Donaldson, testified.

On January 23, 2008, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on February 25, 2010. Therefore, the January 23, 2008 decision of the ALJ became the final decision of the

Commissioner for purposes of judicial review under 42 U.S.C. § 405(g).  *See* 20 C.F.R. §

404.981 (2005).

After considering the record, the ALJ made the prescribed sequential evaluation.  The

ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2002.

2. The claimant did not engaged in substantial gainful activity during the period from her alleged onset date of October 10, 1997 through her date last insured of June 30, 2002 (20 C.F.R. §§ 404.1520(b) and 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: Degenerative Disc Disease and Depression (20 C.F.R. § 404.1520(c)).  The claimant worked after her stroke, and it did not constitute a severe impairment.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525(d) and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to lift 40 pounds occasionally and 20 pounds frequently; sit 6 to 8 hours; and stand/walk 2 of 8 hours (30 minutes at a time).  She should not climb ladders/ropes and can only occasionally stoop, kneel, crouch and crawl.  She has the ability to understand, remember, and follow simple and detailed instructions and complete repetitive tasks.

6. Through the date last insured, the claimant's past relevant work as Fund Raiser did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 404.1565).

7. The claimant was not under a disability as defined in the Social Security Act, at any time from October 10, 1997, the alleged onset date, through June 30, 2002, the date last insured (20 C.F.R. § 404.1520(f)).

(TR 13-19).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability.  20 C.F.R. § 404.1520 (1987).  First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled.  20 C.F.R. § 404.1520(b) (1987).  Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience.  20 C.F.R. § 404.1520(c) (1987).  Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987).  20 C.F.R. § 404.1520(d) (1987).  Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work.  20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy.  A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy.  20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987).  Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding.  *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

6

In the final decision of this case, a determination was made at the fourth step.

## ANALYSIS

Plaintiff's first point of error is that the ALJ erred in rejecting the opinion as to disability of Plaintiff's treating and other doctors.  The ALJ did not entirely reject Dr. Hobson's and Dr. Mount's opinions but accorded them little evidentiary weight.  The ALJ is not required to justify a decision to give little weight to a physician's opinion that a patient is disabled or unable to work, because such decisions are reserved to the ALJ.  *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

Although "the opinion and diagnosis of a treating physician should [generally] be afforded considerable weight in determining disability," and should often be given controlling weight, the ALJ may give the opinion little or no weight when good cause is shown, for instance where the opinion is conclusory or unsupported by the objective medical evidence.  *Newton v. Apfel*, 209 F.3d 448 , 455-56 (5th Cir. 2000).  The ALJ specifically noted negative EMGs and MRIs, normal gait, and normal reflexes during examinations.  The ALJ also cited to the testimony of Dr. Sowell and Dr. Blue.

As to the mental impairments, Dr. Kabel, a consultant at the first hearing, diagnosed Plaintiff with an Axis I diagnosis of major depression - moderately severe in the past, but currently in at least partial remission.  He also assessed her GAF at 60.  State agency consultant A. Boulos, M.D. considered depression and the issue of cognitive disorder secondary to a stroke and determined in December 2002 that Plaintiff did not have a severe mental impairment and only mild restrictions of activities in daily living and maintaining concentration, persistence and pace (TR 344).  No difficulties were noted for maintaining social functioning and no decompensation was noted. Plaintiff's first point of error is overruled.

Second, Plaintiff argues that the Appeals Council failed to consider additional records submitted by Plaintiff after the hearing.  However, as Plaintiff admits, those records were before the Appeals Council.  The records to which Plaintiff refers post-date the relevant hearing period from six to eight years.  For example, Dr. Ramos reports that Plaintiff has SLR positive.  He made the same observations several times in 1998.  His earlier records were in front of the ALJ.  The Commissioner's final decision includes the Appeals Council's denial of Plaintiff's claim.  *See Higginbotham v. Barnhart*, 405 F.3d 332 (5th Cir. 2005).  The records were in fact considered.  Plaintiff's second point of error is overruled.

Next, Plaintiff complains that the ALJ failed to follow instructions specified in the Order of the Appeals Council remanding the case.  Once the case was remanded by the Appeals Council to gather more information about the extent of Plaintiff's disability, the ALJ was free to reevaluate the facts.  *See Houston v. Sullivan*, 895 F.2d 1012 (5th Cir. 1989).  It appears that, as to the four categories he was to reconsider, the ALJ addressed each category (TR 71).  The function of the Court is not to ensure that the ALJ followed a specific remand order.  That function belongs to the Appeals Council.  Although there is some authority that the Court can remand for failure to follow an Appeals Council's order, the Court finds that the ALJ did consider the specific areas directed.  *See Partin v. Commissioner of Social Security*, 2009 WL 3615074 (N.D. Miss. 2009).  Plaintiff's counsel advised the Appeals Council that he believed the ALJ had not followed the specific remand order.  The Appeals Council was unmoved by this argument.  Plaintiff's third point of error is overruled.

Next, Plaintiff contends that the ALJ erred in not finding all appropriate impairments to be severe, particularly her stroke.  The ALJ's failure to make a severity finding at step two is not a basis for remand where ALJ proceeded to later steps of the analysis.  *Adams v . Bowen*, 833 F.2d 509,512

(5th Cir. 1987); *see also Mays v. Bowen,* 837 F.2d 1362, 1365 (5th Cir.1988) (per curiam) ("[I]f the ALJ proceeds past the impairment step in the sequential evaluation process, the court must infer that a severe impairment was found."). Here, the ALJ found that Plaintiff had severe impairments of Depression and Degenerative Disc Disease. He noted that Plaintiff worked after her stroke and that it did not constitute a severe impairment. Plaintiff argues that the ALJ should have considered the effect of her stroke, i.e. cognitive impairments, to be severe. The ALJ considered all impairments. He found that she had a normal MRI of the brain. He also noted that she had recent good memory and insight. Her GAF was noted to be 57. Plaintiff's fourth point of error is overruled.

Plaintiff also alleges that the ALJ's finding of lack of credibility was flawed. Questions pertaining to credibility are the responsibility of the ALJ. *Dunbar v. Barnhart*, 330 F.3d 670,671 (5th Cir. 2003). The ALJ gave a detailed description of the categories he assessed in determining credibility (TR 14). The ALJ gave his reasons for discounting some of Plaintiff's complaints (TR 17-18). Plaintiff's fifth point of error is overruled.

Next, Plaintiff complains that the ALJ failed to properly consider her allegations of pain or the ALJ failed to follow the requirements of certain social security rulings. In addition, she complains that the ALJ failed to adequately consider issues relating to Plaintiff's medications. In his opinion, the ALJ acknowledges that he is to consider the location, duration, frequency and intensity of claimant's pain and other symptoms (TR 14). He also acknowledges that he is to consider the medication used to treat the pain and treatment other than medication for the pain. In addition, he acknowledges that he is to consider any measures other than treatment for pain. The ALJ cites numerous medical records and the testimony of Dr. Sowell who believed that, taking into account Plaintiff's reported pain, she still had the capacity for medium work. The ALJ expressly

discusses Plaintiff's report that she suffers from horrible pain (TR 17). The ALJ then went on to cite several factors which he believed demonstrated that her pain was not as severe as alleged. The context of the ALJ's decision reflects adequate consideration of the regulatory factors including the use of pain medication. *See Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001). The ALJ thoroughly discussed the type of medications Plaintiff was taking with Dr. Blue and their effect on Plaintiff. Although Dr. Blue stated that with most of the medications when taken in high doses there may be some drowsiness, over time Plaintiff would build up a tolerance. Dr. Blue stated that there was not much objective evidence of pain but that she would give her the benefit of the doubt. The ALJ stated that if she were taking large amount of drugs it could cause drowsiness. Plaintiff's sixth and seventh points of error are overruled.

In the last point of error, Plaintiff contends that the ALJ did not consider the impact of all of Plaintiff's various impairments in combination as required by 20 C.F.R. § 404.1523. The Section provides as follows: "In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled (*see* § 404.1520)." 20 C.F.R. § 404.1523.

In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as could be the basis of eligibility under the law, the ALJ is required to consider the

combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  *See* 20 C.F.R. § 404.1523; *Crowley v. Apfel,* 197 F.3d 194, 197 (5th Cir. 1999); *Anthony,* 954 F.2d at 293; *Sewell,* 764 F.2d at 294; *Davis,* 748 F.2d at 296; *Estran,* 745 F.2d at 341. If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process."  20 C.F.R. § 404.1523.  Finally, it is clear that the ALJ must consider all the record evidence and cannot "pick and choose" only the evidence that supports his position.  *See Switzer v. Heckler,* 742 F.2d 382, 385-86 (7th Cir. 1984); *Garfield v. Schweiker,* 732 F.2d 605, 609 (7th Cir. 1984); *Green v. Shalala,* 852 F.Supp. 558, 568 (N.D.Tex. 1994); *Armstrong v. Sullivan,* 814 F.Supp. 1364, 1373 (W.D.Tex. 1993).

Here, the ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments (TR 13).  Regulations further refine the definition of an impairment as an abnormality that *can* be shown by medically acceptable clinical and laboratory diagnostic techniques, and, in fact, *must* be established by medical evidence, as opposed to the claimant's subjective statement or symptoms. 20 C.F.R. § 416.908 (2004).  Hence, early on in the process, an ALJ decides whether an *alleged* impairment is an impairment at all within the specialized meaning of that term.  If not, there is no error in failing thereafter to mention or analyze it further.  *Domingue v. Barnhart,* 388 F.3d 462, 463 (5th Cir. 2004).  Here, the ALJ stated that he had carefully considered the entire record (TR 13).  Although he states that he considered the combination of impairments in relation to a listing, there is no statement that he considered the effect of all impairments in arriving at his conclusion of no disability.  Yet, that is not to say that such a formalistic recitation of this fact is necessary.

11

The ALJ references Plaintiff's stroke.  He also references findings of a normal brain MRI, during which her neurosurgeon found her to be alert and oriented.  He acknowledged that she related memory loss due to her stroke in 1985.  He discusses at length Plaintiff's medical history.  No principle of administrative law or common sense requires a court to remand a case unless a different result might be achieved.  *See Zeno v. Barnhart*, 2005 WL 588223 (E.D. Tex. 2005).  As noted, procedural perfection is not required in a hearing.  *See Mays,* 837 F.2d at 1364 (5th Cir. 1988).  Plaintiff's eighth point of error is overruled.

In her last point of error, Plaintiff argues that the ALJ erred in failing to consider the applicability of the listings in this case.  However, the ALJ did consider the listing and specifically cited to 20 C.F.R. Part 404.  He specifically stated the her recognized mental impairment did not meet or medically equal the criteria of listing 12.04.  He found that the B criteria were not met.  He also stated that the paragraph C criteria were not met.  Confronted with normal or nearly normal MRIs, EMGs and Cat Scans, it cannot be said that Plaintiff met her burden of proof on establishing an impairment that met a listing.  This was thoroughly discussed with the medical experts in the case.  Plaintiff's ninth point of error is overruled.[1]

---

[1] In its Order Directing Filing Briefs (Dkt. 10), the Court advises the parties to attach any relevant regulations for the Court's review.  This was not done, and in fact, is rarely done.  This simple courtesy would save the Court much time and effort in reviewing these cases.  In addition, the Court had to order the Commissioner to re-brief the issues raised by Plaintiff.  Again, this wasted the Court's resources, and the supplemental brief is not all that helpful on certain issues but far better than the original brief.  Finally, the Court had to request that the entire record be sent since this was not originally done.  Even then, it was not bound.  Again, such oversight results in a waste of judicial resources.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative

Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen days shall bar an aggrieved party from attacking the factual findings

on appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th

Cir. 1982) (en banc).

**SIGNED this 7th day of March, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE